IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEANA LANG PLAINTIFF

v. CIVIL NO. 25-5268

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Deana Lang, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Procedural Background:

Plaintiff protectively filed her current application for DIB on August 24, 2023, alleging an inability to work since February 1, 2016,[1] due to rheumatoid arthritis, stage 4 metastatic breast cancer, 25% heart functioning, congestive heart failure, migraines, chronic nausea and chronic pain. (Tr. 71, 180). For DIB purposes, Plaintiff maintained insured status through March 31, 2022. (Tr. 17, 194). An administrative telephonic hearing was held on October 7, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 37-69).

---

[1] Plaintiff amended her alleged onset date to July 17, 2018. (Tr. 17)

By written decision dated November 15, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: rheumatoid arthritis and migraine headaches. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she cannot climb ladders, ropes, or scaffolds; and cannot be exposed to unprotected heights and moving mechanical parts.

(Tr. 21). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a merchandise marker, a housekeeping cleaner and a cashier II. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on October 21, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 12-14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II. Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

## III. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: A) The ALJ failed to account for any limitation stemming from Plaintiff's severe migraine impairment; B) The ALJ improperly discounted Plaintiff's subjective hand and upper extremity complaints; and C) the ALJ's determination that Plaintiff's lower extremity edema was adequately controlled by conservative treatment is not supported. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2022. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of July 17, 2018, her amended alleged onset date of disability, through March 31, 2022, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or

mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

In the present case, the ALJ specifically found that Plaintiff's migraines were a "severe" impairment. (Tr. 19). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). However, the ALJ failed to provide any migraine related limitations in basic work activities when determining Plaintiff's RFC. *Franklin v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) (holding ALJ cannot find that Plaintiff's impairment significantly limits her ability to perform basic work activities and then disregard the impairment in the RFC).

The ALJ found Plaintiff could perform light work that does not require climbing ladders, ropes, or scaffolds, or exposure to unprotected heights and moving mechanical parts. (Tr. 21). The ALJ explicitly stated hazard limitations were included due to Plaintiff's pain caused by her rheumatoid arthritis and joint stiffness. (Tr. 28). As such, the Court finds that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC, including the limitations imposed by her migraine headaches. *See Grier v. Kijakazi*, 2023 WL 1965908, at * 2 (E.D. Ark. February 13, 2023), report and recommendation adopted, 2023 WL 2376114 (E.D. Ark. Mar. 6, 2023) (holding remand necessary where ALJ found migraine headaches to be severe but failed to include migraine restrictions in the RFC, to include the need to avoid loud noise, bright or flashing lights, industrial fumes, or extreme temperature changes).

A claimant's RFC must account fully for all of her impairments. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). The ALJ failed to account for Plaintiff's severe migraines in the RFC. The error in determining RFC resulted in deficient vocational evidence at Step Five. (Tr. 66-69).

Accordingly, this record does not provide substantial evidence that Plaintiff could perform any jobs the ALJ used to make the finding of "not disabled." (Tr. 29-31).

**IV. Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE